Per Curiam.

In our opinion, the evidence here was sufficient to establish a prima facie case as against Hogan and preponderated in favor of plaintiff. While it is true that plaintiff testified that the grinding of the winch may have been caused by a heavy cargo load, he made it clear that the intermittent jerking occasioned by the tightening and releasing of the cable could only be accounted for by a caught hook. Whether the hook was caught on a trapped piece of cargo or the coaming of the hatch is immaterial. The negligence to which plaintiff out of a long experience was entitled to testify was the improper and forbidden tightening and loosening of the cable to disengage the hook wherever it was caught, instead of having the hook disengaged otherwise. ■
The judgment of the Appellate Division dismissing the complaint should be reversed, and the judgment of Trial Term should be reinstated, with costs in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Judgment reversed, etc.